UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS C. LINDMAN,

    Plaintiff,                                   CIVIL ACTION NO. 07-15021

  v.                                       DISTRICT JUDGE ARTHUR J. TARNOW
                                         MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\*    \*    \*

Plaintiff filed an application for Social Security disability insurance benefits on June 18, 2004, alleging that he had become disabled and unable to work on October 3, 2003, at age 47, due to back, left hip and shoulder pain. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on March 8, 2007, before Administrative Law Judge (ALJ) Joel Fina. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work providing a sit-stand option, and not involving any ladder, scaffold, rope climbing, or exposure to unprotected heights. The Law Judge restricted claimant to jobs that did not require any kneeling, crouching or crawling. The ALJ also determined that Plaintiff was limited to simple job assignments with routine production demands. The Appeals Council declined to review that

decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 50 years old at the time of the administrative hearing (TR 292). He had been graduated from high school, and had been employed during the relevant past as a press operator for General Motors (TR 60, 64). As a press operator, Plaintiff alternated between sitting and standing for most of the workday. He constantly had to handle, grip and manipulate large and small objects. He lifted up to 25 pounds on a regular basis (TR 61).

Claimant accepted an early retirement in October 2003, after working 27 years for General Motors (TR 51, 293). Plaintiff testified that, at the time of his retirement[1], he was unable to remain on his feet for prolonged periods due to severe hip pain (TR 294). The claimant estimated that he could stand approximately 30 minutes, sit for an hour and lift about 10 pounds before experiencing hip and back pain (TR 303-304). Plaintiff stated that his hip pain radiated into his knees and feet (TR 306). Plaintiff explained that he often lost his balance because his legs unexpectedly gave out (TR 304). Other impairments which claimant said prevented him from working included shoulder pain, mental depression and periodic panic attacks (TR 306, 311). Plaintiff was able to drive, shop for groceries, perform yard work with the help of a riding lawn mower, and do some fishing from the end of his pier (TR 71-72, 79, 99-100, 298-301, 308-310, 314).

---

[1]Plaintiff's application for workers compensation benefits was pending at the time of the administrative hearing (TR 297).

A Vocational Expert, Timothy Shaner, classified Plaintiff's past work as medium, semi-skilled activity (TR 318). The witness testified that, if claimant were capable of light work, there were numerous unskilled assembly, inspection, gatekeeping and cashier jobs that he could perform with minimal vocational adjustment (TR 319). These simple jobs had routine production demands, provided a sit-stand option, and did not involve any kneeling, crouching, crawling or ladder climbing. They did not expose the claimant to unprotected heights (TR 319).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of left hip pain, arthritis, shoulder pain and mental depression, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ determined that claimant's impairments limited him to simple job assignments with routine production demands and providing a sit-stand option. The Law Judge found that Plaintiff could not repetitively perform any kneeling, crouching, crawling or ladder climbing. The ALJ also concluded that the claimant should not be exposed to unprotected heights. Nevertheless, he found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that the ALJ improperly rejected the disability opinion of a treating doctor, and that the hypothetical question posed to the Vocational Expert did not reflect his inability to sit, stand or walk for prolonged periods. Defendant counters that the ALJ did consider these limitations, but reasonably rejected the treating doctor's opinion because he found that it was not consistent with the other evidence of record.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of simple, light work. Contrary to Plaintiff's assertion, the medical evidence did not support his allegation of totally disabling back, hip and shoulder pain. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

An MRI of claimant's left hip in November 2003, showed evidence of avascular necrosis of the femoral head (TR 184-185). Dr. Larry Pack, a treating orthopedic specialist, authorized Plaintiff to return to work on December 16, 2003, as long as he refrained from climbing and did not lift more than 20 pounds (TR 107). Plaintiff reportedly was not in distress, and was able to walk with a steady gait, during a February 2004 evaluation (TR 103). Claimant did not exhibit any strength or sensory deficits, and hip flexion was 90 out of a possible 120 degrees (TR 103). Total hip replacement was recommended, but Plaintiff was allowed to return to work with the 20 pound weight limitation and no climbing (TR 103).

A consultative evaluation report by Dr. James Stathakious on September 29, 2004, noted that Plaintiff could walk on his heels and toes. A sitting bilateral straight leg raising test was measured to 60 degrees, and claimant did not lurch, shuffle or slap his feet while walking. Even though claimant had difficulty getting on and off the examining table due to hip pain, reflexes were equal and symmetric in all extremities (TR 143).

Plaintiff acknowledged that he was able to drive, shop for groceries, perform yard work and go fishing (TR 71-72, 79, 99-100, 298-301, 308-310, 314). When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant[2], who concluded that the claimant could perform a restricted range of light work, despite his hip, back an shoulder pain (TR 144-151). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective

---

[2]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2007).

complaints of persistent, severe, totally disabling symptoms stemming from his joint pain were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that he needed to rest frequently throughout the day. The ALJ accommodated claimant's objectively proven functional limitations by restricting him to simple, repetitive job assignments with routine production demands that provided a sit-stand option. The Law Judge further restricted claimant to jobs that did not require any kneeling, crouching, crawling, or the climbing of ladders, scaffolds and ropes.

Plaintiff relies heavily upon the fact that Dr. Pack opined, in April 2004, that he was totally and permanently disabled (TR 106). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Pack offered little objective evidence to support his April 2004, total disability opinion[3], his assessment need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of

---

[3]In November 2003, Dr. Pack suggested that Plaintiff either return to work after undergoing a total hip replacement, or apply for disability and have hip replacement surgery at some future date (TR 109). A month later, the treating physician authorized Plaintiff to return to work as long as he did not perform any climbing and did not lift more than 20 pounds (TR 107). Even though claimant opted to accept early retirement from General Motors, rather than undergo hip replacement surgery and return to work with less pain, the ALJ reasonably determined that Plaintiff was not disabled and retained the capacity to perform a restricted range light work activity accommodating his functional limitations.

the evidence must be considered.  Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments[4], the Vocational Expert testified that there were numerous

---

[4]Since the ALJ found that he could not stand or walk in excess of two hours (Finding 5), Plaintiff asserts that the hypothetical question posed to the VE was defective because it assumed that he could stand or walk for up to 6 hours a day with normal breaks (TR 319). In response to the ALJ's hypothetical question, however, the VE testified that the claimant could perform 12,000 light assembly and inspection jobs, which were performed while "primarily seated"(TR 320). While the hypothetical question was flawed, any error was harmless since the assembly and inspection jobs identified by the VE were consistent with the ALJ's residual functional capacity determination that accommodated claimant's inability to stand or walk for prolonged periods.

**7**

unskilled assembly, inspection, gatekeeping and cashier jobs that he could perform with minimal vocational adjustment (TR 319-320). These simple, routine jobs provided a sit-stand option, and did not involve any kneeling, crouching, crawling or climbing of ladders. They did not expose the claimant to unprotected heights (TR 319). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                              s/Donald A. Scheer  
                              DONALD A. SCHEER  
                              UNITED STATES MAGISTRATE JUDGE

DATED: April 17, 2008

_____

## CERTIFICATE OF SERVICE

I hereby certify on April 17, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 17, 2008. **None.**

                              s/Michael E. Lang  
                              Deputy Clerk to  
                              Magistrate Judge Donald A. Scheer  
                              (313) 234-5217